IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-253-BO

| | |
|---|---|
| DONALD L. MORRISON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGE E.B. HOLDING, DAVID ) <br> CORTES, WAYNE R. MYERS, ) <br> DENNIS DUFFY, S. KATHERINE ) <br> BURNETTE, GEORGE B. CURRIN, ) <br> STEVEN WEST, VAUGHAN ) <br> WINBORNE, JR. ) <br> ) <br> Defendants. ) <br> ) | O R D E R |

This cause comes before the Court on several motions filed by the parties. The defendants have filed three motions to dismiss and plaintiff has opposed reassignment of this matter and moved for sanctions as well as summary judgment, acquittal, and exoneration. The Court has considered the pending motions, and, for the reasons discussed below, the motions to dismiss are granted and this action is dismissed in its entirety.

BACKGROUND

Plaintiff's complaint in this civil action arises out of his earlier convictions in this Court. Plaintiff was first found guilty following jury trial of charges of conspiracy to defraud the United States; making false statements; mail fraud; use, possession, or transfer of food stamps in an unauthorized manner; and conversion of food stamps. *United States v. Morrison*, 333 Fed. App'x 741, 742 (4th Cir. 2009). After the guilty verdict was entered, plaintiff was conditionally released pending sentencing but fled the jurisdiction and failed to appear for his sentencing

hearing. Plaintiff was later indicted for failing to appear, and was found guilty following jury trial of such charge. Plaintiff's convictions were consolidated for sentencing. Following sentencing, plaintiff filed a direct appeal, which included claims of prosecutorial misconduct and false allegations. The Court of Appeals found plaintiff's claims to be without merit and affirmed plaintiff's convictions and sentence. *Id.* The defendants named in this action were involved in some way with plaintiff's criminal or related proceedings. In 2011, plaintiff filed an almost identical lawsuit against the defendants named in the instant action. That action was dismissed by order filed April 4, 2012. Plaintiff filed the instant action August 28, 2012, again contesting the validity of his criminal indictment.

## DISCUSSION

### Res Judicata

Defendants Currin and Winborne contend that the claims against them are barred by res judicata or claim preclusion. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citing *C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948)). "For the doctrine of res judicata to be applicable, there must be (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel v. United States*, 369 F. 3d 345, 354-55 (4th Cir. 2004). The claims asserted in the two causes of action need not be identical for res judicata to apply, so long as the claims arise out of the same transaction or core of operative facts. *Id.* at 355. The doctrine of res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

2

In the prior action, 7:11-CV-168, plaintiff raised claims against Currin and Winborne, his former counsel at different stages of his criminal process, which the Court construed to be claims for legal malpractice. In the earlier proceedings, the Court held that it lacked jurisdiction to consider plaintiff's claims of legal malpractice against Currin and Winborne, and additionally that those claims were otherwise barred by the applicable statutes of limitations and repose. Plaintiff's legal malpractice claims were therefore dismissed for lack of subject matter jurisdiction and, alternatively, for failure to state a claim upon which relief can be granted [7:11-CV-168, DE 27]. Fed. R. Civ. P. 12(b)(1); (6). Dismissal for failure to state a claim operates as a judgment on the merits. *See Clancy v. Onslow Cnty*, 151 N.C. App. 269, 272 (2002).

While it is somewhat difficult to discern what claims plaintiff is asserting against defendants Currin and Winborne in the instant action,[1] any claim against these defendants that would arise from their representation of plaintiff during his criminal proceedings could have been brought in the earlier filed action, and the claims against defendants Currin and Winborne were dismissed in the earlier action on the merits. Accordingly, Currin and Winborne have established the applicability of the doctrine of res judicata as there has been (1) a final judgment on the merits, (2) the parties in the two actions are identical, and (3) the claims raised in the instant action, even if they differ, arise out of the same core of operative facts as those raised in the prior action. Plaintiff's claims against Currin and Winborne are therefore barred by the doctrine of res judicata and are dismissed.[2]

---

[1] Plaintiff's discussion of defendant Currin in the instant action relates primarily to Currin's role in plaintiff's criminal sentencing. Plaintiff's limited discussion of defendant Winborne relates to his role in plaintiff's trial.

[2] Alternatively, even if the claims against defendants Currin and Winborne are not barred by res judicata, plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). As the Court is not able to discern precisely what claims plaintiff is raising against

3

## Subject Matter Jurisdiction & Failure to State a Claim

Plaintiff's claims against the federal defendants, Holding, Cortes, Myers, Duffy, Burnette, and West, must also be dismissed.[3] Plaintiff alleges that the federal defendants conspired to convict him of false charges for the purpose of destroying him and his company for either political or monetary gain. Plaintiff seeks from these defendants "restitution from the Justice Department of all funds taken from him and [Cost Containment, Inc.] including two years and one month for unlawful incarceration," that his illegal conviction be set aside, and $2,000,000 for wrongful imprisonment.

Each of the federal defendants was at the time of plaintiff's conviction an employee of the Department of Justice, specifically the United States Attorney's Office for the Eastern District of North Carolina. Insofar as plaintiff has alleged claims against the federal defendants in their official capacities, such claims are barred by sovereign immunity.[4] "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1941). Claims against government officials in their official capacities are in all respects suits against the agency or government entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiff in essence claims that he was wrongfully convicted in violation of the constitution. Although a plaintiff may obtain damages from a federal agent who acted under

---

these defendants, even when construing the complaint liberally, plaintiff has certainly failed to make a short and plain statement that gives notice to the defendants of the claims against them, *Conley v. Gibson*, 355 U.S. 41, 47 (1957), nor has he made more than conclusory, naked assertions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[3] The claims against the federal defendants in the earlier action were dismissed for failure to effect proper service. Fed. R. Civ. P. 12(b)(5).

[4] As plaintiff has failed to denominate whether his claims are against the federal defendants in the official or individual capacities, the Court will address both.

4

color of authority when violating a plaintiff's constitutional rights, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the United States has not waived sovereign immunity from suit for money damages arising from constitutional violations or *Bivens* claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *see also Doe v. Chao*, 306 F. 3d 170, 184 (2002). Accordingly, plaintiff's claims for wrongful conviction against the federal defendants in their official capacities are barred by sovereign immunity and the Court is without jurisdiction to consider them. Fed. R. Civ. P. 12(b)(1).

Plaintiff's claims against the federal defendants in their individual capacities must also be dismissed. As discussed above, money damages are available when a federal agent has violated a plaintiff's constitutional rights while acting under color of law. However, plaintiff's complaint fails to state a plausible claim for relief as it is devoid of factual enhancement and makes only naked assertions of injury. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, as plaintiff's claim for wrongful conviction and any claims related thereto arise from a conviction and sentence that are still valid, plaintiff's cause of action for damages is not cognizable. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (section 1983 claim for damages arising out of allegedly unconstitutional conviction or imprisonment barred until that conviction or sentence has been invalidated or expunged); *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (applying holding in *Heck* to *Bivens* actions brought against federal agents); *Poston v. Shappert*, 222 Fed. App'x 301 (4th Cir. 2007) (same).

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE 11, 15, and 18] are GRANTED and this matter is DISMISSED in its entirety. Plaintiff's motion in opposition to

reassignment [DE 10], motion for sanctions and summary judgment [DE 23], and motion for summary judgment, acquittal, and exoneration [DE 29] are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this __10__ day of May, 2013.

*[Signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE